Gilberto Lucero-Valenzuela, A091 430 864
Name and Prisoner Number/Alien Registration Number

Giles W. Dalby Correctional Facility
Place of Confinement

805 North Avenue F.
Mailing Address

Post, Texas 79356.
City, State, Zip Code

(Failure to notify the Court of your change of address may result in dismissal of this action.)

CLERK U.S. DISTRICT COURT
NORTHERN DIST. OF TX
LUBBOCK DIVISION

2021 OCT 19 AM 8:42

DEPUTY CLERK

## IN THE UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF TEXAS

GILBERTO LUCERO-VALENZUELA,
(Full Name of Petitioner)

Petitioner,

v.

MARTIN FRIEND,
(Name of Warden, Jailor or authorized person having custody of Petitioner)

Respondent.

CASE NO. 5-21CV0241-H
(To be supplied by the Clerk)

PETITION UNDER 28 U.S.C. § 2241
FOR A WRIT OF HABEAS CORPUS
BY A PERSON IN FEDERAL CUSTODY

### PETITION

1. What are you challenging in this petition?
   - ☐ Immigration detention
   - ☐ Bureau of Prisons sentence calculation or loss of good-time credits
   - ☐ Probation, parole or supervised release
   - ☒ Other (explain): Hardship Credit/Compensation for Hard Time Served in the Federal Bureau of Prisons Enviroment, as Result of the COVID-19 Pandemic.

2. (a) Name and location of the agency or court that made the decision you are challenging: Court of District of Utah.

   (b) Case or opinion number: DUTX2:20CR00234-001-

   (c) Decision made by the agency or court: As for this Case at hand, the Court have not rendered any decision. See attached. copy of "ORDER" dated October 6, 2021.

   (d) Date of the decision: October 6, 2021.

3. Did you appeal the decision to a higher agency or court?   Yes ☐   No ☒

If yes, answer the following:

(a) First appeal:

    (1) Name of the agency or court: _____ N/A _____

    (2) Date you filed: _____ N/A _____

    (3) Opinion or case number: _____ N/A _____

    (4) Result: _____ N/A _____

    (5) Date of result: _____ N/A _____

    (6) Issues raised: _____ N/A _____

**Attach, if available, a copy of any brief filed on your behalf and a copy of the decision.**

(b) Second appeal:

    (1) Name of the agency or court: _____ N/A _____

    (2) Date you filed: _____ N/A _____

    (3) Opinion or case number: _____ N/A _____

    (4) Result: _____ N/A _____

    (5) Date of result: _____ N/A _____

    (6) Issues raised: _____ N/A _____

**Attach, if available, a copy of any brief filed on your behalf and a copy of the decision.**

(c) Third appeal:

    (1) Name of the agency or court: _____ N/A _____

    (2) Date you filed: _____ N/A _____

    (3) Opinion or case number: _____ N/A _____

    (4) Result: _____ N/A _____

    (5) Date of result: _____ N/A _____

    (6) Issues raised: _____ N/A _____

    _____

    _____

    **Attach, if available, a copy of any brief filed on your behalf and a copy of the decision.**

4. If you did not appeal the decision to a higher agency or court, explain why you did not: This issue was not previously available (N/A). _____

_____

_____

5. Other than the appeals listed above, have you filed any other petitions, applications or motions concerning the issues raised in this petition?     Yes ☐     No ☒

    If yes, answer the following:

    (a) Name of the agency or court: _____ N/A _____

    (b) Date you filed: _____ N/A _____

    (c) Opinion or case number: _____ N/A _____

    (d) Result: _____ N/A _____

    (e) Date of result: _____ N/A _____

    (f) Issues raised: _____ N/A _____

    _____

    _____

    Attach, if available, a copy of any brief filed on your behalf and a copy of the decision.

6. For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the <u>facts</u> supporting each ground.

    **CAUTION:** To proceed in the federal court, you must ordinarily first exhaust (use up) your available administrative remedies on each ground on which you request action by the federal court.

GROUND ONE: Toxic Black Mold and Stachybotrys Chartarum, as its Known to scientists

(a) Supporting FACTS (Do not argue or cite law. Just state the specific facts that support your claim.):
Detary needs of inmates are below federal prison standards and "meals" can be "cruel" Inmates are having to use discolored and brown water from sinks located in the cells to drink due to lockdown hours which is tolerable for one or two days.
Toxic black mold, can release spoxes as it feeds on organic materials like drywall and insulation that have been exposed to moisture. These spoxes if ingested or inhaled can cause a range of unpleasant and even dangerous symtoms and health effects within this COVID-19 pandemic, this is cruel and unusual under the eight amendment beyond that.
Inquiries was made to the administration and its MTC regional office (include BOP) under FOIA/FOIL request for the last performed "Limited water intrusion inspection and assessment" refered to in Title 25, Texas Administrative Code Chpt. 295 relating to Texas mold assessment and remediation rules-such was ignored.
Tha black mold and water intrusion impact are visual to the naked eyes-on the walls, doors ceiling, vents, showers and under the panels that covers the outled walls of the housing units and the dinning area. The mold has grown on the steel beams and insulation from the water leaks in the Kitchen ceilings and housing units, given the pandemic inmates with respiratory problem face dificulties breathen, rash breakout, red eyes, constant headaches and allergies like symptoms.
Several complain was filed and request was made for the last assessment of the water intrusion impact and mold report conducted here at Dalby, such was ignored by the MTC regional office, D.I.G, BOP, ACA and the local Dept. of Health.

(b) Did you exhaust all available administrative remedies relating to Ground One?   Yes ☐   No ☒

(c) If yes, did you present the issue to:
☐ The Board of Immigration Appeals
☐ The Office of General Counsel
☐ The Parole Commission
☐ Other: _____

(d) If you did not exhaust all available administrative remedies relating to Ground One, explain why:
1. I didn't do the administrative documents, because I did a motion to the District Court and the Court ordered that the motion be filed as a Petition Under 28 U.S.C. § 2241 for a Writ of Habeas Corpus by a Person in Federal Custody ("Petition") in a new civil case.
2. I'm in a Private Facility not in a BOP facility, any attempt to exhauste remedies would be futile, United States v. Hernandez, 18-CR-834(PAE), 2020 WL 1684062, at *2(S.D.N.Y. Apr 2, 2020) finding the BOP "structurally incapable of assessing [defendant's] circumstances because [he] is in the custody of the United States Marshals at a private facility-not in the custody of the BOP", as the government conceded 3. United States v. Daly, 16-CR-281(FGG)(S.D.N.Y), ECF No.861(government concedes that "the defendant cannot exhaust remedies within the Bureau of prison because the defendant is currently in the custody of the United States Marshals Service at a private prison")
See District Court ORDER mark as "Exhibit A".

4

GROUND TWO: MTC/Giles W. Dalby CF., is currently operating a communal segregation prison limiting liberty interest afforded to the inmates in general population

(a) Supporting FACTS (Do not argue or cite law. Just state the specific facts that support your claim.):
The access to recreational services is limited to one hour per day and sometimes less. Sometime several ha's past without any recreation announcement by the facility. The time an inmate in general population spends in his cell can at times be in excess of 22 hours in a single day period, which amount to solitary confinement and serious and significant deprivation of liberty. The lack of movement where an inmate who is not in protection segregation, isolated segregation, administrative segregation or otherwise disciplinary segregation is subject to the aforementioned tratment creating a disproportionate punishment to offense.

(b) Did you exhaust all available administrative remedies relating to Ground Two?   Yes ☐   No ☒

(c) If yes, did you present the issue to:
  ☐ The Board of Immigration Appeals
  ☐ The Office of General Counsel
  ☐ The Parole Commission
  ☐ Other: _____

(d) If you did not exhaust all available administrative remedies relating to Ground Two, explain why:
Because the Petitioner cannot exhaust remedies within the Bureau of Prisons because the defendant is currently in the custody of the United States Marshals Service at private prison. United States v. Daly, 16-CR-281 (PGG)(S.D.N.Y).

5

GROUND THREE: Personal Hygiene is significantly degraded

(a) Supporting FACTS (Do not argue or cite law. Just state the specific facts that support your claim.):
Personal Hygiene is significantly degraded which depends on the inmate population which is transient in nature to maintain cleanliness of the facility and common illness, which are easily avoidable, can becomen a problem that the already limited medical staff is unable to suppress before the entirety of the inmates is affected. During normal operations inmates have the opportunity to utilize hair care to cut and mantain our hair but due to the lockdown we have been unable to even cut our hair.
According to the policy we have the right to be in a safe place, clean and free of contamination, and here in Giles W. Dalby CF., is contrary air condition is contaminated as the cells where we live are not property in shape, and the walls have ungns everywhere , restroom too.

(b) Did you exhaust all available administrative remedies relating to Ground Three? Yes ☐   No ☒

(c) If yes, did you present the issue to:
   ☐ The Board of Immigration Appeals
   ☐ The Office of General Counsel
   ☐ The Parole Commission
   ☐ Other: _____

(d) If you did not exhaust all available administrative remedies relating to Ground Three, explain why:
Because the BOP and MTC/Giles W. Dalby CF has a grievance protocol and system which is a bureaucratic nigthmare designed in a perfidious manner enhanced with dilatory tactics and its only purpose is to deter, inhibit and tire the claimants so that nothing ever gets rectified.
Furthermore, any attempt to exhauste remedies would be futile, because I'am in a Private Facility not in a BOP facility. See Exhibit "B".

6

GROUND FOUR: The Medical care from bad to worse

(a) Supporting FACTS (Do not argue or cite law. Just state the specific facts that support your claim.):
Medical care is the worse, since the beginning of the lockdown due to Covid-19 in March of 2020. It can take months to see medical staff, including dental, medical and mental health doctors. We have not had an optometrist since this lockdown began and many inmates are in need of glasses to see. After applying to see any medical staff during this pandemic and continuosly awaiting for a response, if any, confined to your cell up to 22 hours out of a 24 hour day easily depletes your mental health. This situation has created a serious issue for those inmates dealing with depression and anxiety.
Additionally, The medical department here at Giles W. Dalby has been rbber stamping inmates medical records to avoid spending any additional funds to administer the proper care for inmates housed here. We are constantly reminded by medical staff(s) that "it our tax-paying dollar providing care for you (inmates)"
"the Doctors writes fraudulent reports to hamper inmates attempted to seek relief from the courts, grievance complain mysteriously disappeal without any repercussion, pain medication approved for years within the BOP are discontinued and inmates are told to puschase such from commissary where they have to pay tax.
The "just punishment" factor is especially important under these highly unusual circumstances. When the Courts sentence to de inmates, surely "the Court did not intend for that sentence to 'include incurring a great and unforeseen risk of severe illness or death' brought on by a global pandemic."
In fact, concerns about monitoring healthcare in privately managed prisons pre-dated COVID. In 2016, the Office of the Inspector General in the Department of Justice found that "the BOP cannot as effectively ensure that contract prisons comply with contract requirements and BOP polices in these areas and that inmates in contract prisons receive appropriate health and correctional services.

(b) Did you exhaust all available administrative remedies relating to Ground Four?   Yes ☐   No ☒

(c) If yes, did you present the issue to:
   ☐ The Board of Immigration Appeals
   ☐ The Office of General Counsel
   ☐ The Parole Commission
   ☐ Other: _____

(d) If you did not exhaust all available administrative remedies relating to Ground Four, explain why:
United States v. Dana, 14-CR-405 (JMF)(S.D.N.Y.), ECF No. 107 (government concedes same and waives exhaustion, where defendant was in Orange County jail and BOP advised that he would need to first be transferred back to a BOP facility before he could begin the administrative process). The defendant is currently in the Custody of the United States Marshal Service at a private prison. See Exhibit "B".

Please answer these additional questions about this petition:

7. Are you challenging your conviction or sentence in any of the grounds raised above? Yes ☐    No ☒
(Claims challenging a federal conviction or sentence may only be raised in a motion under 28 U.S.C. § 2255, unless the § 2255 motion is legally inadequate or ineffective.)

   If yes, answer the following:

   (a) Have you filed a motion under 28 U.S.C. § 2255?    Yes ☐    No ☒

   If yes, answer the following:

   (1) Name of court: _____N/A_____

   (2) Case number: _____N/A_____

   (3) Opinion or case number: _____N/A_____

   (4) Result: _____N/A_____

   (5) Date of result: _____N/A_____

   (6) Issues raised: _____N/A_____
   _____
   _____

   Attach, if available, a copy of any brief filed on your behalf and a copy of the decision.

   (b) Explain why the remedy under § 2255 is inadequate or ineffective: The remedy under § 2255 is inadecuate because the claim falls under the 1983 Bivens civil suit.
   _____
   _____
   _____

8. If this case concerns immigration removal proceedings, answer the following:

   (a) Date you were taken into immigration custody: _____N/A_____

   (b) Date of removal or reinstatement order: _____N/A_____

   (c) Did you file an appeal with the Board of Immigration Appeals?    Yes ☐    No ☒

   (1) Date you filed: _____N/A_____

   (2) Case number: _____N/A_____

   (3) Result: _____N/A_____

(4) Date of result: _____N/A_____

(5) Issues raised: _____N/A_____

**Attach, if available, a copy of any brief filed on your behalf and a copy of the decision.**

(d) Did you file an appeal with the federal court of appeals?   Yes ☐   No ☒

(1) Name of the court: _____N/A_____

(2) Date you filed: _____N/A_____

(3) Case number: _____N/A_____

(4) Result: _____N/A_____

(5) Date of result: _____N/A_____

(6) Issues raised: _____N/A_____

**Attach, if available, a copy of any brief filed on your behalf and a copy of the decision.**

9. Petitioner asks that the Court grant the following relief: Plaintiff Gilberto Lucero-Valenzuela is seeking damages resulting from abuse of power over inmate and for fisical and mental issues and violated constitutional rights for the COVID-19 during my incarceration in Giles W. Dalby CF., Compensation of damage property for the actions committed for all the defendants.

or any other relief to which Petitioner may be entitled. (Money damages are not available in habeas corpus cases.)

I declare under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on _____October 14, 2021_____ (month, day, year).

_Gilberto Lucero V._
**Signature of Petitioner**

_____   _10-14-2021_
Signature of attorney, if any         Date

THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>GILBERTO LUCERO-VALENZUELA,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER DENYING [24] MOTION FOR HARDSHIP CREDIT FOR HARD TIME SERVED<br><br>Case No. 2:20-cr-00234<br><br>District Judge David Barlow |
|---|---|

On September 17, 2021, Defendant filed a Motion for Hardship Credit for Hard Time Served (Motion).[1] Defendant asks the court to grant a hardship credit for time served by granting him two days of credit for every one day served.[2] In essence, Defendant asks the court to reduce his sentence because of the conditions at the correctional facility during the COVID pandemic. Liberally construing[3] the motion, it resembles a challenge to the conditions of confinement under the Eighth Amendment.

This court does not have inherent authority to modify a defendant's sentence.[4] A district court may only modify a sentence under specific situations authorized by statute.[5] "There is no

---

[1] ECF No. 24.
[2] *Id.* at 3.
[3] *See United States v. McKye*, 737 Fed. App'x 386, 389 n.1 (10th Cir. 2018) ("Because Mr. McKye is pro se, 'we liberally construe his filings, but we will not act as his advocate.'" (quoting *James v. Wadas*, 724 F.3d 1312 (10th Cir. 2013)).
[4] *United States v. Blackwell*, 81 F.3d 945, 949 (10th Cir. 1996).
[5] *United States v. Johnson*, 766 Fed. App'x 648, 650 (10th Cir. 2019) (quoting *United States v. Mendoza*, 118 F.3d 707, 709 (10th Cir. 1997) ("A district court does not have inherent authority to modify a previously imposed sentence; it may do so only pursuant to statutory authority.")).

federal statute that permits shorter sentences for inmates serving 'harder' time in certain prisons."[6] Because there is no authorizing statute, the court does not have authority to grant the relief Defendant seeks. Additionally, the court further notes that the motion does not explain which, if any, of the alleged conditions Defendant has personally experienced.

To the extent Defendant wishes to challenge the conditions of his confinement, he "must do so through a civil rights action."[7] Such an action cannot be brought through a motion filed in his underlying criminal case but must be brought in the court having jurisdiction over the relevant actors, which would be in the district of confinement.[8]

Accordingly, Defendant's motion is DENIED without prejudice.

DATED October 6, 2021.

BY THE COURT:

David Barlow
United States District Judge

---

[6] *United States v. Nevarez-Ledezma*, 19-179 KG, 2021 WL 4430157, *1 (D. N.M. Sep. 27, 2021) (citing additional cases supporting the same).

[7] *Palma-Salazar v. Davis*, 677 F.3d 1031, 1035 (10th Cir. 2012); *see also Rhodes v. Hannigan*, 12 F.3d 989, 991 (10th Cir. 1993).

[8] *See United States v. Ramirez*, 2021 WL 1736872 (D. Kan. May 3, 2021) (discussing that a challenge to conditions of confinement must be asserted as a civil rights lawsuit "in a district with jurisdiction over such persons") (citing *Standifer v. Ledezma*, 653 F.3d 1276, 1280 (10th Cir. 2011)).



**U.S. Department of Justice**
Federal Bureau of Prisons
South Central Regional Office

*U.S. Armed Forces Reserve Complex*
*344 Marine Forces Drive*
*Grand Prairie, TX  75051*

DATE MAILED:   OCT 26 2020

CERTIFIED MAIL:
7018 0360 0000 7587 2004


Giles W. Dalby Correctional Institution
805 North Avenue F
Post, Texas 78356

Re:   Administrative Tort Claim - TRT-SCR-2021-00299

Mr.

This acknowledges receipt of your claim dated October 11, 2020.  Your claim was received on October 13, 2020.  You allege personal injury which occurred at the Giles W. Dalby Correctional Institution on October 11, 2020.

The Giles W. Dalby Correctional Institution is not operated by the Bureau of Prisons or the United States and its staff members are not employees of the Bureau of Prisons or the United States.  Before a claim is able to be approved, there must be a showing of negligence, wrongful action, or omission on the part of an employee of the United States. As you have provided no evidence or documentation to support your allegations of government staff negligence, your request is denied.

Based on this, you may wish to submit a claim to the Giles W. Dalby Correctional Institution.

Please be advised that if you are dissatisfied with this determination of your claim, you are afforded six (6) months from the date of the mailing of this communication within which to bring suit in the appropriate United States District Court.

Sincerely,

JASON SICKLER
Digitally signed by JASON SICKLER
Date: 2020.10.19 09:04:53 -05'00'

Jason A. Sickler
Regional Counsel

JAS/bkv



FROM: GILBERTO LUCERO-VALENZUELA, BOP# 33493-068
GILES W. DALBY CORRECTIONAL FACILITY
805 NORTH AVENUE E.
POST, TEXAS 79356

TO: UNITED STATES DISTRICT COURT
OFFICE OF THE CLERK
NORTHERN DISTRICT OF TEXAS
1205 TEXAS AVE., ROOM 209
LUBBOCK, TX 79401.

RECEIVED OCT 19 2021 CLERK, U.S. DISTRICT COURT NORTHERN DISTRICT OF TEXAS